UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 10-cv-00340-RPM-BNB

STEVEN MASONEK, et al., on behalf of themselves
and all others similarly situated

        Plaintiffs,                        Action pending in another district:
                                              Central District of California
v.                                                SACV09-1048 DOC (RNBx)

WELLS FARGO BANK, N.A., et al.

        Defendants.

---

### [PROPOSED] PROTECTIVE ORDER

---

### PROTECTIVE ORDER

Upon a showing of good cause in the support of the entry of a protective order to protect the production of documents designated "Confidential" as defined herein by Waverton Group, LLC ("Waverton") only, IT IS ORDERED:

1. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. This Protective Order shall apply only to documents produced by Waverton and the information contained in such documents in connection with ~~any of~~ the following ~~cases which collectively constitute the "Medical Capital Noteholder Actions:"~~

1

(a) *Masonek, et al. v. Wells Fargo Bank, et al.*, No. SACV09-1048 ~~and *Bain, et al. v. Wells Fargo Bank, N.A., et al.*, No. SACV-10-0548 (together, the "Trustee Actions," currently pending in the Central District of California)~~ (the "Masonek Action")

~~(b) *Jana McCoy, et al. v. Cullum & Burks Securities, Inc., et al.*, No. SACV-09-1084; *Alvin Sabroff, et al. v. Securities America, Inc., et al.*, No. SACV-09-1295; *James K. Merrill, et al. v. National Securities Corp., et al.*, No. SACV-09-1340; *Douglas Co. Individual Practice Assoc., Inc., et al. v. Medical Capital Holdings, et al.*, No. 10-6058 [No. SACV-10-0549 DOC (RNBx)]; *Ilene Grossbard, et al. v. Securities America Financial Corp., et al.*, No. 09-350 [No. SACV-10-0478 DOC (RNBx)]; and *Katrina A. Zinner, et al. v. Securities America, Inc., et al.*, Case No. 10-3051 (D. Neb.) (together, the "Broker-Dealer Actions," currently pending in the Central District of California);~~

~~(c) *Abbate, et al. v. Wells Fargo Bank, N.A., et al.*, No. 09-62047 (S.D. Fla.); and~~

~~(d) Any pending case or case filed hereafter that is deemed related to, coordinated with or consolidated with any of the above cases.~~

3. Documents designated "CONFIDENTIAL" by Waverton shall contain information that is confidential under Fed. R. Civ. P. 26(c)(1)(G) or other applicable law. CONFIDENTIAL documents shall not be disclosed or used for any purpose except the preparation and trial of the Masonek Action. ~~any of the Medical Capital Noteholder Actions and any pending case or case filed hereafter that is deemed related to, coordinated with or consolidated with any of the above cases.~~

4. ~~For purposes of the preparation of any of the cases constituting the Medical Capital Noteholder Actions, and~~ subject to the terms, conditions, and restrictions of this

2

Protective Order, discovering counsel may disclose documents designated as CONFIDENTIAL and the contents of documents designated as CONFIDENTIAL (collectively, "CONFIDENTIAL information") only to the following persons:

(a) Any party and their insurers, counsel to their insurers, counsel listed on the pleadings and/or working on ~~any of the cases constituting the Medical Capital Noteholder Actions on behalf of any party~~ the Masonek Action, and counsel's employees who are directly participating in ~~any of the cases constituting the Medical Capital Noteholder Actions,~~ the Masonek Action, including counsel's paralegals, assistants, secretaries, and clerical staff;

(b) Counsel who are any party's "in-house counsel" and such in-house counsel's employees who are directly participating in the prosecution or defense of ~~any of the cases constituting the Medical Capital Noteholder Actions,~~ the Masonek Action, including counsel's paralegals, assistants, secretaries, and clerical staff;

(c) Court reporters and their staff retained by the parties or for the purpose of recording witness testimony in connection with ~~any of the cases constituting the Medical Capital Noteholder Actions~~ the Masonek Action;

(d) The Courts and any persons employed by the Courts whose duties require access to CONFIDENTIAL information in connection with ~~any of the cases constituting the Medical Capital Noteholder Actions~~ the Masonek Action;

(e) Witnesses at depositions or pre-trial proceedings in ~~any of the cases constituting the Medical Capital Noteholder Actions;~~ the Masonek Action;

(f) Experts and consultants assisting counsel of record or in-house counsel with respect to ~~any of the cases constituting the Medical Capital Noteholder~~ the Masonek Action

~~Actions~~ and their secretarial, technical and clerical employees who are actively assisting in the preparation of ~~any of the cases constituting the Medical Capital Noteholder Actions~~ [the Masonek Action], including participants in mock trial exercises;

(g) Employees, officers and directors of the parties in ~~any of the cases constituting the Medical Capital Noteholder Actions~~ [the Masonek Action] who have a need to review CONFIDENTIAL information to assist in connection with litigation of ~~any of the cases constituting the Medical Capital Noteholder Actions~~ [the Masonek Action], subject to the limitations set forth herein;

(h) Outside service personnel, such as those who photocopy or assist in the photocopying or delivering of documents, in ~~litigation of any of the cases constituting the Medical Capital Noteholder Actions~~ [the Masonek Action];

(i) Any person identified on the face of any such CONFIDENTIAL information as an author or recipient thereof;

(j) Any person who is determined to have been an author and/or previous recipient of the CONFIDENTIAL information, but is not identified on the face thereof; and

(k) Any mediator or arbitrator engaged by the parties in ~~any of the cases constituting the Medical Capital Noteholders Actions~~ [the Masonek Action].

The parties shall make a good faith effort to limit dissemination of CONFIDENTIAL information within these categories to persons who have a reasonable need for access thereto.

5. Before discovering counsel may disclose CONFIDENTIAL information to any person described in subparagraph 4(f) above, the person to whom disclosure is to be made shall read a copy of this Protective Order, shall evidence his or her agreement to be bound by its terms,



conditions, and restrictions, by signing an undertaking in the form attached hereto as Exhibit A (the "Undertaking") and shall retain a copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering counsel shall keep a copy of the signed Undertaking for each person described in subparagraph 4(f) to whom discovering counsel discloses CONFIDENTIAL information.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record ~~in the Medical Capital Noteholder Actions~~ within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to Waverton and its counsel ~~and all the other parties in the Medical Capital Noteholder Actions.~~ The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of Waverton to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Alternatively, an objecting party may move for a determination in the United States District Court for the Central District of California within the

5

time allowed under the Local Rules. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until this Court rules on the motion. If Waverton fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, Waverton shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of ~~all the Medical Capital Noteholder Actions identified in Paragraph 3~~ the Masonek action, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that the parties may retain copies of Court filings, depositions and exhibits, and work product, but shall continue to maintain the information contained therein as CONFIDENTIAL. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by this Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATE: July 21, 2010

_____
HON. BOYD N. BOLAND
UNITED STATES MAGISTRATE JUDGE

6

# EXHIBIT A

## UNDERTAKING

I, _____, declare:

1. I have read the Protective Order and I agree to be bound by the terms of that Order.

2. I understand and agree that:

(a) I shall not disclose any document, tangible thing, deposition transcript or videotape, or written discovery response provided to me for my inspection pursuant to the Protective Order, or disclose in any manner the contents thereof, to any other person except as provided in the Protective Order;

(b) I shall not use any document, tangible thing, deposition transcript, or videotape, or written discovery response provided to me for any inspection pursuant to the Protective Order, or disclose in any manner the contents thereof, for any business, commercial, competitive or similar purposes unrelated to the prosecution or defense of any of the Medical Capital Noteholder Actions as defined in Paragraph 3 of the Protective Order;

(c) If I am a third party witness who has received CONFIDENTIAL information pursuant to the Protective Order, I shall not duplicate or copy in any way, or record any information from, any document, tangible thing, deposition transcript or video tape, or written discovery response provided to me;

(d) I shall return to counsel all documents, copies, extracts of summaries of any document, tangible thing, deposition transcript or videotape, or written discovery response provided to me for my inspection pursuant to the Protective Order, or made by me, within 30

days after I receive written notification from counsel who provided such materials to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____, 2010, at _____.

_____