IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00340-RPM-BNB

STEVEN MASONEK, et al.,

Plaintiff,

v.

WELLS FARGO BANK NATIONAL ASSOCIATION,
THE BANK OF NEW YORK MELLON CORPORATION, and
JOHN DOES 1-20,

Defendants.

_____

**ORDER**
_____

By an Order [Doc. # 26, filed 6/4/2010], I required the following:

• The parties were required to submit on or before **June 11, 2010**, a proposed blanket protective order (or competing proposed orders if they could not agree);

• The Receiver was required to Bates number all Phase I documents. On or before **June 18, 2010**, the Receiver was to deliver to Waverton all Phase I documents, indicating by a unique designation all documents which the Receiver claimed were Confidential. In addition, on or before **June 18, 2010**, the Receiver was required to serve on the parties and on Waverton an index by Bates number of all documents delivered to Waverton and indicating those documents which the Receiver designated as Confidential. Finally, if the Receiver withheld any Phase I documents from production for any reason, the document was to be identified with reasonable specificity on a privilege log, specifying the basis for withholding the document from production, and was to serve the privilege log on the parties and on Waverton on by **June 18,**

**2010**;

• On or before **June 25, 2010**, Waverton was required to produce to the parties all Phase I documents, indicating any documents claimed to be Confidential. If Waverton withheld any Phase I documents from production for any reason, the documents were to be identified with reasonable specificity on a privilege log, specifying the bases for withholding the documents and Waverton was to serve the privilege log on the parties; and

• Staying discovery concerning Phase II documents pending further developments of the underlying case in the Central District of California.

On June 11, 2010, the plaintiff and Waverton submitted competing proposed protective orders. I have reviewed them. I find that the protective order proposed by the plaintiff is more appropriate, and I have entered it after modification (the "Protective Order"). I modified the Protective Order to limit the disclosure of the Waverton documents to counsel, parties, and other necessary persons involved in the Masonek case. The matter is before me based on a subpoena issued by this court in aid of discovery in the Masonek case. I express no view about the propriety or advisability of disclosure of the Waverton documents in any other action. That is a matter to be addressed by the judge or judges overseeing the other actions.

I am informed that the Receiver converted the Waverton documents to .tif format; Bates numbered them; and delivered them to Waverton in that format on two DVDs. Notice Regarding Receiver's Compliance With Order [Doc. # 32, filed 6/17/2010] ("Waverton's Notice"). As a result, Waverton notes that "[b]y converting the files to .tif format, all of the metadata is lost." Id. at ¶1(c). Waverton has done nothing in the intervening six weeks since receiving the DVDs in .tif format to comply with its obligation to designate those documents which it claims are

Confidential. In addition, Waverton has not produced the Phase I documents to the parties.

I find that Waverton has engaged in a pattern of dilatory conduct intended to cause and resulting in unnecessary delay. I will allow no additional delaying tactics.

IT IS ORDERED that Waverton's . . . Request for Entry of Protective Order [Doc. # 31, filed 6/17/2010] is DENIED.

IT IS FURTHER ORDERED that Waverton shall deliver the two DVDs in .tif format to the parties by close of business today. Waverton shall accomplish the delivery in such a manner (for example, by overnight delivery service) as to reasonably assure that the DVDs are received by the parties' counsel on July 22, 2010.

IT IS FURTHER ORDERED that until August 4, 2010, at 5:00 p.m. Mountain Standard Time, the parties shall treat all Waverton documents as Confidential under the Protective Order. Thereafter, only those documents specifically designated as Confidential by Waverton or the Receiver shall be treated as Confidential. Any documents not specifically designated as Confidential by Waverton or the Receiver on or before August 4, 2010, at 5:00 p.m. Mountain Standard Time shall lose their designation as Confidential and shall no longer be subject to the restrictions of the Protective Order.

IT IS FURTHER ORDERED that on or before August 4, 2010, Waverton shall deliver its documents to the parties in native format, except for e-mail files, which shall be delivered in Adobe Acrobat .pdf format, with a Confidential designation for those native or .pdf documents claimed to be confidential.

Dated July 21, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge