IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00340-RPM-BNB

STEVEN MASONEK, et al.,

Plaintiff,

v.

WELLS FARGO BANK NATIONAL ASSOCIATION,
THE BANK OF NEW YORK MELLON CORPORATION, and
JOHN DOES 1-20,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Motion for Clarification of and Amendment of Order Regarding Waverton's Compliance With Subpoena** [Doc. # 48, filed 9/3/2010] (the "Motion"), filed by Waverton Group, LLC ("Waverton"). The Motion is DENIED.

The caption notwithstanding, the Motion does not really seek clarification. To the contrary, it requests that I reconsider my finding that "Waverton has engaged in a pattern of dilatory conduct intended to cause and resulting in unnecessary delay." Order [Doc. # 46] at p. 3.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(internal citation omitted). Here,

Waverton argues that my finding of dilatory conduct is based on a misapprehension of the facts. I disagree.

On March 23, 2010, I denied Waverton's motion to quash a subpoena and I ordered Waverton to produce the Phase I documents (i.e., documents created before August 18, 2009) by April 16, 2010.  On April 16, rather than producing the Phase I documents as ordered, Waverton "made the phase 1 production available to the receiver's counsel at Shartsis Freise LLP.  Waverton's work related to the phase 1 production is largely complete pending the completion of the receiver's review of its documents."  Motion to Modify Order and for Issuance of Protective Order [Doc. # 14, filed 5/17/2010] (the "Motion for Protective Order") at ¶9.

On June 4, 2010, I entered an Order [Doc. # 26] requiring that the Receiver designate any confidential documents by June 18, 2010.  The Order [Doc. # 26] further required that Waverton produce the Phase I documents by June 25, 2010, including a designation of any documents which Waverton claims to be confidential.  The Receiver complied with the June 4 Order, but Waverton did not.  Instead, as of July 21, 2010, the Phase I documents still had not been produced, and Waverton had done nothing in the intervening 33 days since receiving the documents from the Receiver to designate the documents which it claims are confidential.  Order [Doc. # 46] at pp. 2-3.

At a hearing on July 21, 2010, I expressed my concern about the delay in the production of the Phase I documents, stating:

> I am concerned about the delay which has occurred in connection with the production of these documents and the . . . actions which seem to encourage future delay in connection with the production of the documents, and I've lost patience with that.  So I will require that the disks containing the documents be turned over to the parties in the Masonek action by the close of business today.

> All documents on those disks will be considered or deemed to have
> been designated as confidential for a period of two weeks' time,
> and within that two weeks Waverton may make a more specific--
> must make a more specific designation, and anything that isn't
> designated, stamped as confidential at the end of that two-week
> period will be deemed not confidential.

Transcript of Proceedings on July 21, 2010 [Doc. # 47] at p. 34 line 24 through p. 35 line 13.

Waverton's counsel requested additional time beyond the two weeks for Waverton to make its designation of confidential documents, stating:

> [T]he two-week period of time that the Court refers to, we would
> like to have somewhat more time to comply with the Court's order.
> Mr. Block [of Waverton] is leaving the state on business and he's
> going to be out of town until the middle of next week, and we
> submit that there's not a lot of urgency to that, the designation of
> confidentiality. . . .
>
> I'm puzzling now about how to correlate the receiver's production
> and the Bates numbering with the production that--and the
> designation of confidentiality. As it now stands without the load
> file, Waverton can designate confidentiality on its records within
> the time frame that's in hand, but it couldn't go into the receiver's
> files and make a confidentiality document in order to--in order to
> tie those to the Bates numbers without the load file, and so the
> alternative would be to produce the files--

Id. at p. 38 lines14-20 and p. 39 lines 5-15.

A production of documents, ordered to be completed by April 16, 2010, still had not occurred as of July 21, 2010, nearly three months later. The production did not occur on April 16 because Waverton, without authorization and in contravention of my order, forwarded the documents to the Receiver for further review rather than producing them. I then ordered that the documents be produced by June 25, 2010. The production did not occur on June 25 because Waverton failed to complete its review for confidentiality, despite having previously stated that "Waverton's work related to the phase 1 production is largely complete pending the completion

of the receiver's review of its documents." Motion for Protective Order [Doc. # 14] at ¶9. In fact, the production had not been made as of the hearing on July 21, 2010, and Waverton had made no effort to undertake its review despite having had 33 days within which to do so.

On these facts, I found that Waverton had engaged in a pattern of dilatory conduct intended to cause and resulting in unnecessary delay in the production of the Phase I documents. Nothing in the Motion causes me to believe that I misapprehended the relevant facts.

IT IS ORDERED that the Motion [Doc. # 48] is DENIED.

Dated September 1, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge